

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 17, 1961

Honorable J. W. Edgar
Commissioner of Education
Austin, Texas

Opinion No. WW-985

Re: Under the circumstances re-
lated, must school district
tax revenues, realized from
taxes assessed and collecti-
ble within a calendar year,
be allocated for the opera-
tion of its schools in a
single scholastic year begin-
ning September 1 in that calen-

Dear Mr. Edgar:                    dar year and related questions.

        Your letter of recent date requesting the opinion of
this office on the above subject is in part as follows:

        "We have before us an inquiry from an inde-
        pendent school district which was created pursuant
        to special law in 1923. (Senate Bill 402, Acts
        1923, 38th Legislature, Spec. Law, Chapter 91,
        page 317). Section 30 of that law creating the
        district provides that the tax assessor-collector
        for the City of Houston shall assess and collect
        for this independent school district, in the
        manner and form prescribed by the charter and
        ordinances of the City, the school taxes levied
        by the school district board.

        "As required by this law, we are apprised,
        the City assesses and collects its taxes on a
        calendar year basis. Assessments are made in
        or about May, are payable thereafter and become
        delinquent on January 1 of the ensuing calendar
        year. Taxes levied and collected by the City
        for the independent school district (for exam-
        ple, in 1959) are delivered to the school dis-
        trict in the early part of January (1960), and
        such revenues were budgeted and allocated by
        the school district for the operation of its
        schools in the scholastic year 1959-60, four
        months of which--September through December--
        are in 1959 and the remaining eight scholastic

year months extending into 1960. See also
Section 15 of Senate Bill 402, supra.

"It is suggested by this school dis-
trict that under the particular local condi-
tions created by the cited special act, the
law should be construed so that this inde-
pendent school district may budget and
allocate its local tax revenue for the actual
calendar months for which the district con-
tends the taxes are collected. In short, the
district desires to know if it legally may
allocate school district taxes assessed, and
collectible in 1961 on the basis of 60 per
cent for use in the eight months from 1 Jan-
uary through 31 August, 1961, and 40 per cent
for use in the four months, 1 September through
31 December, 1961. The effect thereof would be
to allocate school district taxes assessed and
collectible in the calendar year to the opera-
tion of schools covering parts of two scholas-
tic years coming within that calendar year.

"We would appreciate receiving an opinion
from your office on the following questions:

"1.  Under the circumstances related,
must school district tax revenues,
realized from taxes assessed and
collectible within a calendar
year, be allocated for the opera-
tion of its schools in a single
scholastic year beginning Sept-
ember 1 in that calendar year?

"2.  If the answer to 1 is in the nega-
tive, may school district tax rev-
enues, realized from taxes levied
and collectible within a calendar
year (for example in 1961) be al-
located on the basis of 60% for
use in the first eight months
(1 January through 31 August,
1961) and 40% for use in the lat-
ter four months (1 September through
31 December, 1961) of that calendar
year."

Honorable J. W. Edgar, page 3 (WW-985)


The Uniform Budget Act (Article 689A-17a, Vernon's Civil Statutes) states in part as follows:

>"Section 1. The president of the board of school trustees in each independent school district, whether created by general or special law in this state, is hereby expressly designated as the budget officer for such district. Not later than August 20th, the president of such school board of trustees shall prepare, or cause to be prepared, a budget covering all proposed, carefully estimated receipts <u>and expenditures for the next succeeding fiscal year</u>, itemized in detail according to classification and purpose of expenditure. . . .It shall be the duty of said board of trustees at said meeting to adopt a budget to cover all expenditures for said independent school district for the <u>next succeeding fiscal year</u>. . . ." (Emphasis added)

The term "fiscal year" as used in this Article is synonomous with "scholastic year" for it is the scholastic year and not the calender year which governs the operation of school districts with respect to incurring obligations. Attorney General's Opinion Nos. 0-4257 (1942) and 0-4001 (1941). Another reason for this belief is that this Article requires the president to prepare, or cause to be prepared, a budget not later than August 20th for the next succeeding fiscal year. This indicates that the budget is being formulated for use during the coming scholastic year which begins on September 1. (Article 2903, Vernon's Civil Statutes)

To allow a school district to budget and allocate its local tax revenue on a calender year basis would, in our opinion, be in direct conflict with the above quoted Article. The budget would then be based on the "calender year" and not the "fiscal year" as required by the Uniform Budget Act.

Therefore, school district tax revenues, realized from taxes assessed and collectible within a calender year, must be allocated for the operation of its schools for a single scholastic year beginning September 1 in that calender year.

Honorable J. W. Edgar, page 4 (WW-985)

Our answer to your first question renders unnecessary an answer to your second question.

### SUMMARY

School District tax revenues, realized from taxes assessed and collectible within a calender year, must be budgeted and allocated for the operation of its schools for a single scholastic year beginning September 1 in that calender year.

Yours very truly,

WILL WILSON
Attorney General of Texas

By James M. Farris

James M. Farris
Assistant

JMF:hmc

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

L. P. Lollar
Iola Wilcox
Leon F. Pesek
Riley Eugene Fletcher

REVIEWED FOR THE ATTORNEY GENERAL
BY: Morgan Nesbitt